UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JEREMIAH STEVENSON**
    Petitioner,

v.                                    **No. 4:24-cv-0340-P**

**DIRECTOR, TDCJ-CID**

    Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Jeremiah Stevenson under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## BACKGROUND

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to life imprisonment under Case No. 1643374D in the 371st Judicial District Court, Tarrant County, Texas. ECF No. 16-21 at 5–8. Petitioner appealed and his conviction was affirmed. *Stevenson v. State*, No. 02-21-00142-CR, 2022 WL 17687420 (Tex. App.—Fort Worth Dec. 15, 2022, pet. ref'd). On March 29, 2023, the Court of Criminal Appeals of Texas ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 16-18. Petitioner did not file a petition for writ of certiorari. ECF No. 1 at 3.[1]

On September 20, 2023, Petitioner filed his first state application for writ of habeas corpus. ECF No. 16-19 at 12. The CCA dismissed the application as noncompliant. ECF No. 16-20. On October 13, 2023,

---

[1] The page number references to the petition are to "Page __ of 38" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form are not the actual page numbers and because Petitioner has added additional pages to the form.

Petitioner filed his second state habeas writ application. ECF No. 16-21 at 27. The CCA denied the application without written order on January 10, 2024. ECF No. 16-22. Petitioner filed a third state habeas application on February 13, 2024, ECF No. 26-23 at 12, which the CCA dismissed as successive. ECF No. 16-24.

On April 3,2024, Petitioner filed this federal habeas application. ECF No. 1 at 15. Petitioner asserts one ground, alleging a due process violation because the trial court failed to adequately instruct the jury on the law of voluntary acts. *Id.* at 5. Attached to the petition is what appears to be a hand-written copy of the petition for discretionary review. *Compare* ECF No. 1 at 18–38 *with* ECF No. 16-16.

## STANDARD OF REVIEW

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (en banc) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

2

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## ANALYSIS

The sole issue presented in Petitioner's state court appeal was whether the trial court failed to adequately instruct the jury on the law of voluntary acts. *Stevenson*, 2022 WL 17687420, at *1. The appellate court determined that the trial court did not err. *Id*. In his petition for discretionary review, Petitioner argued that the decision was "squarely at odds" with a case upon which he had relied, *Hervey v. State*, No. 05-17-00823-CR, 2019 WL 3729505 (Tex. App.—Dallas Aug. 8, 2019, pet. granted) (mem. op. not designated for publication). ECF No. 16-16 at 10. Petitioner continues to rely on that case here; however, *Hervey* has been reversed. *Hervey v. State*, No. PD-1101-19, 2024 WL 1901618 (Tex. Crim. App. May 1, 2024). Whether the case was correctly decided is not a matter for this Court to determine. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Rather, federal courts "may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). That is, they can search only for violations of federal law. *Fierro v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989). They do not review a state's interpretation of its own law. *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

Here, Petitioner has not shown that any error in the jury charge was "so egregious as to rise to the level of a constitutional violation" or was "so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn*, 653 F.2d 942, 951 (5th Cir. Unit A 1981) (quoting *Bryan v. Wainwright*, 588 F.2d 1108, 1110–11 (5th Cir. 1979)). In fact, he has not shown an error in the charge. Because Petitioner has not shown that the state court adjudication of his claim was incorrect in any respect, he certainly has not met his burden under § 2254(d).

## CONCLUSION

For the reasons discussed, Petitioner's application is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **26th day** of **September, 2024.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4